IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| TOMMY BROWNER,<br><br>    Plaintiff,<br><br>v.<br><br>DEPUTY WILL MCCLURE and INVESTIGATOR DAVID PERKINS,<br><br>    Defendants. | Civil Action File No.  CV 123-168 |

## COMPLAINT

On November 16th, 2021, Plaintiff Tommy Browner was stopped for laying drag in a Circle K parking lot and, after some questioning, he was ordered out of the car.  Mr. Browner quickly broke free and ran from the officers, crossing a highway where he was hit by a car.  Mr. Browner got up after being hit and ran into the woods.  Two officers – Defendants Deputy Will McClure and Investigator David Perkins – pursued Mr. Browner into the woods.  The officers attempted to tase Mr. Browner but were unsuccessful.   When that failed, Investigator Perkins drew his service weapon and shot Mr. Browner in the back as he ran away, hitting Mr. Browner in the hip.  Mr. Browner was unarmed.

Mr. Browner was able to make it another few feet before he fell and was apprehended.  While Mr. Browner was lying on the ground in pain – he

had a shattered left shoulder and wrist from being hit by the car – Defendant McClure tried to wrench his shattered arm behind his back to handcuff him. In response, Mr. Browner repeatedly screamed "My arm's locked up!" and asked for medical attention.  Defendant McClure reacted to the catastrophically injured man's cries of pain not by cuffing him in the front, calling an ambulance, or any other humane act; instead, Defendant McClure beat Mr. Browner savagely in the face.

This is an action brought pursuant to O.C.G.A. §§ 51-1-13 and 51-1-14, as well as 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment to the U.S. Constitution, against Defendants Deputy Will McClure and Investigator David Perkins for their roles in Mr. Browner's shooting.  In addition, Mr. Browner brings federal and state law claims against Defendant McClure for beating him in the face while he was laying on the ground injured and asking for medical assistance.

## Parties, Jurisdiction, and Venue

1. Plaintiff Tommy Browner is a natural person and citizen of the United States of America, a legal resident of Rayle, Georgia, and is of full age.
2. Deputy Will McClure is an individual who was, at all times relevant to the allegations in this complaint, an employee of the Richmond County Sheriff's Office, acting under color of law.

3. Investigator David Perkins is an individual who was, at all times relevant to the allegations in this complaint, an employee of the Richmond County Sheriff's Office, acting under color of law.

4. All parties herein are subject to the personal jurisdiction of this Court.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and S.D.L.R. 2.1(a) because one or more Defendant(s) resides within the Southern District of Georgia and because the events giving rise to this claim occurred in Richmond County, Georgia, which is situated within the district and divisional boundaries of the Augusta Division of the Southern District of Georgia.

6. All Defendants have been properly served with process in this action.

## Facts

7. On November 16th, 2021, Plaintiff Tommy Browner was driving a car in a Circle K parking lot around 9:20 p.m. Mr. Browner had two passengers.

8. At that time, Defendant Deputy Will McClure with the Richmond County Sheriff's Office stopped Mr. Browner for "laying drag."

9. After some conversation, Defendant McClure saw what he later reported to be loose marijuana near the center console and, seeing the suspected marijuana, he ordered Mr. Browner out of the car.

10. Mr. Browner got out of the car and, shortly thereafter, pushed past Defendant McClure and ran away.

11. Mr. Browner ran into the road and was immediately hit by a car.

12. Below are screen grabs of Defendant McClure's body cam video, which show Mr. Browner being hit by a car driving at a speed McClure would later describe in his report as "highway speed" and thrown approximately 30 feet.






13. Mr. Browner then somehow got up and kept running.

14. Mr. Browner ran through a parking lot and then into the woods nearby. Defendants McClure and Perkins continued to chase him.

15. As Mr. Browner ran away from Defendants McClure and Perkins, Mr. Browner was shirtless and unarmed.

16. As Mr. Browner ran away from Defendants McClure and Perkins, Mr. Browner did not present a threat to anybody.

17. As Mr. Browner ran away from Defendants McClure and Perkins, Mr. Browner had not threatened violence, nor had he indicated to anybody that he was armed or that he might be armed.

18. As Mr. Browner ran away, Defendants McClure and Perkins only suspected Mr. Browner of misdemeanors – "laying drag" and possessing marijuana.  Defendants McClure and Perkins did not suspect Mr. Browner of committing a felony.

19. As Mr. Browner ran away, Defendants McClure and Perkins did not suspect Mr. Browner of committing a violent crime.

20. As Mr. Browner ran away, Defendants McClure and Perkins knew that Mr. Browner's car and his two passengers were being held by another officer in the Circle K parking lot.

21. In other words, Defendants McClure and Perkins knew that they could track down Mr. Browner if he was able to get away.

22. In sum, as Mr. Browner ran away, Defendants McClure and Perkins did not have any justification to use deadly force against Mr. Browner.

23. Nevertheless, one of the two officers – Defendant McClure or Defendant Perkins – shot Mr. Browner in the back as Mr. Browner ran away.

24. Specifically, one of the two officers shot Mr. Browner in the right hip from the back as Mr. Browner ran away.

25. The body cam videos produced after this shooting strongly (perhaps conclusively) show that Defendant Perkins was the one who shot Mr. Browner.

26. Below is a screen capture of Defendant Perkins's body cam from the instant Defendant Perkins shot Mr. Browner (the shot can be heard in the video). Defendant Perkins's gun can be seen in the lower right corner.



27. In the alternative, it was Defendant McClure who shot Mr. Browner.[1]

28. Mr. Browner was able to make it another few feet before he fell and was apprehended.

29. Once Mr. Browner went to the ground, he was lying on his back in pain.

30. Defendant McClure locked one of his handcuffs around Mr. Browner's left wrist without issue, then turned Mr. Browner over onto his right side without issue.

31. Throughout this process – the handcuffing identified in the previous paragraph – Mr. Browner did not resist. Mr. Browner said, "Y'all shot me for nothing … I'll just lay here man … I've been shot … There's something wrong with my leg …," but never resisted the officers.

32. Defendant McClure then tried to pull Mr. Browner's left arm behind Mr. Browner's back. Defendant McClure had recently seen Mr. Browner hit by a car at a "highway speed" where he was "thrown approximately 30 feet," as Defendant McClure would later write in his

---

[1] Mr. Browner raises this alternative claim out of an abundance of caution. Ultimately, there were two officers behind Mr. Browner – one of the officers shot him. The body cam video demonstrates to a near-certainty that it was Defendant Perkins who shot Mr. Browner.

report.  In other words, Defendant McClure had recently seen Mr. Browner suffer a catastrophic collision with a car.

33. When Defendant McClure tried to pull Mr. Browner's left arm behind his back, Mr. Browner screamed, "I need medical attention … My arm's locked up! … My arm's locked up! … My arm's locked up! … I swear to god it's locked up!  My arm's locked up!"

34. At the time, Mr. Browner had a shattered left wrist and left shoulder.  Both injuries were catastrophic and required surgery shortly after this incident.

35. Despite being aware that Mr. Browner had been hit by a car going highway speed and thrown 30 feet, and despite hearing Mr. Browner repeatedly scream that his arm was locked up and request medical attention, Defendant McClure reacted to Mr. Browner's cries of pain not by cuffing him in the front, calling an ambulance, or any other humane act.  Instead, Defendant McClure reacted to Mr. Browner's cries of pain by punching Mr. Browner repeatedly in the face in a "ground and pound" style.

36. Mr. Browner was eventually taken to the hospital where he was treated for his gunshot wound, the injuries he sustained when he was hit by the car, and the injuries he sustained when Defendant McClure beat him in the face.

37. At all times described herein, Defendants McClure and Perkins were acting under color of law.

## COUNT I
### Section 1983 - Excessive Force

38. Defendant Perkins used excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution when he shot Mr. Browner in the back as Mr. Browner ran away.

39. In the alternative, Defendant McClure used excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution when he shot Mr. Browner in the back as Mr. Browner ran away.

40. Defendant McClure used excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution when he beat Mr. Browner in the face as Mr. Browner lay on the ground, physically unable to comply with Defendant McClure's attempts to wrench his arm behind his back. Mr. Browner had a shattered wrist and shoulder and was unable to put his arm behind his back. Nevertheless, Defendant McClure beat Mr. Browner in the face rather than summoning medical help or otherwise acting humanely toward a badly injured man.

41. These Defendants had no valid reasons for these uses of force.

42. Mr. Browner claims damages for the injuries set forth above under 42 U.S.C. § 1983 against these Defendants for violations of Mr. Browner's constitutional rights under color of law.

## COUNT II

### State Law - Assault and Battery

43. Defendant Perkins committed assault and battery against Mr. Browner in violation of O.C.G.A. §§ 51-1-13 and 51-1-14 when he shot Mr. Browner in the back as Mr. Browner ran away.

44. In the alternative, Defendant McClure committed assault and battery against Mr. Browner in violation of O.C.G.A. §§ 51-1-13 and 51-1-14 when he shot Mr. Browner in the back as Mr. Browner ran away.

45. Defendant McClure committed assault and battery against Mr. Browner in violation of O.C.G.A. §§ 51-1-13 and 51-1-14 when he beat Mr. Browner in the face as Mr. Browner lay on the ground, physically unable to comply with Defendant McClure's attempts to wrench his arm behind his back. Mr. Browner had a shattered wrist and shoulder and was unable to put his arm behind his back. Nevertheless, Defendant McClure beat Mr. Browner in the face rather than summoning medical help or otherwise acting humanely toward a badly injured man.

46. These Defendants had no valid reasons for these uses of force.

47. Mr. Browner claims damages for the injuries set forth above under O.C.G.A. §§ 51-1-13 and 51-1-14 against these Defendants for violations of Mr. Browner's rights under Georgia law.

## Prayer for Relief

WHEREFORE, Mr. Browner prays that this Court issue the following relief:

1) That process issue in accordance with the law;

2) That the Court award Mr. Browner compensatory and general damages in an amount to be determined by the jury against the Defendants:

3) That the Court award Mr. Browner punitive damages in an amount to be determined by the enlightened conscience of the jury against the Defendants;

4) That the Court award costs of this action, including attorneys' fees, to Mr. Browner, pursuant to U.S.C. § 1988 and other applicable laws regarding such awards;

5) That the Court award Mr. Browner such other and further relief as it deems just and necessary; and

6) That Mr. Browner be granted a trial by jury.

This 14th day of November, 2023

**ESHMAN BEGNAUD, LLC**

/s/ Mark Begnaud
Mark Begnaud
Georgia Bar No. 217641
mbegnaud@eshmanbegnaud.com
Michael J. Eshman
Georgia Bar No. 365497
meshman@eshmanbegnaud.com

315 W. Ponce De Leon Ave
Suite 775
Decatur, GA 30030
404-491-0170